**SUPERIOR COURT.**

MALINDA McKINNIE, Executrix of HENRY McKINNIE, *vs.* JAMES PARKE POSTLES.

*Pleading—Demurrer—Association Unincorporated—Persons or Committee Representing Same—Personal Liability—Contract.*

A person, who as committee of and representing an unincorporated association, makes a contract with another, may be personally liable thereon.

*(December 17, 1901.)*

JUDGES SPRUANCE and GRUBB, sitting.

*Harry Emmons* for plaintiff.

*William T. Lynam* and *Herbert H. Ward* for defendant.

Superior Court, New Castle County, November Term, 1901.

ACTION ON THE CASE UPON PROMISES (No. 186, November Term, 1899).

Demurrer.

The third count of the declaration was as follows:

" And also for that whereas, to wit, on the twenty-first day of July, A. D., 1897, the said Henry McKinnie, in his lifetime, and the said defendant entered into an agreement in the following words and figures, to wit:

'CONTRACT FOR QUARTERS

DURING THE

KNIGHTS TEMPLAR CONCLAVE,

to be held in

PITTSBURG, PENNSYLVANIA,

October, 1898.

"'THIS INDENTURE, Made in duplicate this 21st day of July, in the year of our Lord one thousand eight hundred and ninety-seven, between Henry McKinnie, proprietor Hotel Anderson, Pittsburgh, Pa., of the first part, and J. Parke Postles, Committee of, and representing St. Johns Commandery No. 1, Knights Templar, stationed at the City of Wilmington, in the State of Delaware, of the second part, .

"' WITNESSETH, That the said party of the first part, for and in consideration of one dollar ($1.00) part payment, receipt of which is hereby acknowledged, to be kept and performed by the said party of the first part, their heirs, executors, administrators, and assigns, has leased and demised, and does hereby lease and demise unto the said party of the second part, as hereinafter mentioned, lying and being in the City of Pittsburgh, County of Alleghaney, State of Pennsylvania, as follows, to wit:

"' For Sleeping Rooms Nos. 250, 252, 253, 254, 255, 256, 258, 260, 263, 262, 264, 266, 267, 268, 269, 270, 272, 279, 281, 283, 293, 295, 297, 298, 299, in the Hotel Anderson, located at Penn Avenue and Sixth Street, in the City of Pittsburgh aforesaid, from October 10th to October 14th, 1898, inclusive, same being five days; it being understood that said 25 sleeping rooms will be made to accommodate one hundred and seven people comfortably in beds and cots.

2

"' For the above sleeping rooms and meals, the said party of the second part agrees to pay to the said party of the first part four ($4.00) dollars for each person per day for one hundred and seven people.

"' It is further understood and agreed that the said four ($4.00) dollars per day includes all charges for rooms and meals.

"' It is further understood and agreed that in case the said party of the second part should wish to remain in possession of the rooms for any number of days in excess of the five days mentioned, that the same rate per day will be made to apply to the actual number of people accommodated, whether the excess shall be before, or after, the dates mentioned.

"' It is further understood and agreed that the above compensation pays for the actual service, in all particulars, of a first class hotel, i. e., chambermaids, porters, towels, hot and cold water for baths, etc.

"' In case this 27th Triennial Conclave of Knights Templar for any reason, should not be held in Pittsburgh, Pa., thirty (30) days' notice in advance to be given, and this contract will be null and void ; otherwise to remain in full force and effect.

"' IN WITNESS WHEREOF, the parties above named have hereunto set their hands and seals the day and year first above written.

"' HENRY MCKINNIE,

"' J. PARKE POSTLES.

" ' Witness :

    W. W. COLVILLE.'

"That the said St. Johns Commandery No. 1, Knights Templar, for which said defendant in the making of said agreement is described as the " Committee of " and as " representing " is an unincorporated association having no corporate or legal status, and said agreement was entered into and executed in the State of Pennsylvania.

"That although the said Henry McKinnie from the time of making the said agreement or lease, was during his lifetime, and the said plaintiff since his death, always ready and prepared to fulfill all things on the part and behalf of the said Henry McKinnie agreed to be performed and fulfilled, to wit, at New Castle County aforesaid, yet the said defendant contriving and wrongfully intending to injure the said Henry McKinnie in his lifetime and the said plaintiff since his decease, did not nor would perform any of said promises or undertakings mentioned in said agreement, and did not nor would permit or suffer the said Henry McKinnie at any time during his lifetime, nor the said plaintiff since his death, to perform and fulfill any of the things to be performed and fulfilled under said agreement or lease on the part of the said Henry McKinnie, and then and there wholly hindered and prevented the said Henry McKinnie and said plaintiff from so doing; and thereby then and there wrongfully discharged the said Henry McKinnie in his lifetime and said plaintiff since his decease from the performance or completion of any of the aforesaid promises and undertakings of the said Henry McKinnie, whereby the said Henry McKinnie, in his lifetime and said plaintiff since his decease, lost and were deprived of all the profits and advantages which said Henry McKinnie or said plaintiff otherwise might and would have derived and acquired from the performance and fiulfillment of his said promises and undertakings, to wit, at New Castle County aforesaid, to the damage of the said plaintiff of twenty-five hundred dollars, and therefore she brings her suit, &c.

"HARRY EMMONS,
        "*Attorney for plaintiff.*"

To the above count the defendant's counsel filed a general demurrer alleging insufficiency, and contended that the suit should have been against the St. Johns Commandery and not against James Parks Postles individually; that while the agreement was signed by James Parks Postles, he was one of a committee repre-

senting St. Johns Commandery and, therefore, was simply an agent and not a principal and was not liable under the statute.

*Rev. Code, Sec, 31, p. 794; Babb vs. Reed et al., 5 Rawle, 150; Mears vs. Moulton, Treasurer, etc., 30 Md. 132; Kenneback vs. Churchhill, 59 N. H., 296; Oelriechs vs. Ford, 23 Howard, 538-9.*

*Mr. Emmons:*—The plaintiff in opposing the demurrer, cites the following authorities, in support of the proposition, that an officer or committee of an unincorporated association, having no legal status, is personally liable, independent of the question of partnership, on a contract which he has assented to or assisted to make in its name.

*Herod vs. Rodman, 16 Ind., 241; Fredenhall vs. Taylor, 26 Wis., 286; Ash vs. Guie, 97 Pa. St., 493; Ray vs. Powers, 134 Mass., 22; Lewis vs. Tilton, 19 N. W., 911; Davidson vs. Holden, 10 Atl., 515; Reading vs. Anderson, 34 N. W., 300; Lawler vs. Murphy, 20 Atl., 457; Gale vs. Townsend, 47 N. W., 1065; Comfort vs. Graham, 54 N. W., 242; Pain vs. Semple, 27 Atl., 1107; Winona Lumber Co. vs. Church, 62 N. W., 107; Kierstead vs. Bennett, 45 Atl., 42; Pelton vs. Place, 46 Atl., 63.*

LORE, C. J.,—We overrule the demurrer. Upon election of defendant's counsel let judgment of *respondeat ouster* be entered